94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia L. HINDE, Plaintiff-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
Patricia L. HINDE, Plaintiff-Appellee,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellant.
 Nos. 95-35463, 95-35532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1996.*
Decided Aug. 9, 1996.
 
 Before: GOODWIN, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court concluded that the State of Alaska's group travel accident insurance ("Group Policy"), supplied by defendant Provident Life and Accident Insurance Company ("Provident"), did not cover the death of the plaintiff's husband who died in a plane crash while returning home from a work assignment. The plaintiff appeals that part of the judgment and the award of the attorneys' fees to the defendant. The district court also stated that the insurance contract between the state and Provident was a contract of adhesion. Provident appeals that part of the judgment.
 
 
 3
 The Group Policy states that coverage "will apply to an Injury sustained by an employee when on Business for the Policyholder during any bonafide trip." "[W]hen on Business" is defined as "... furthering the business of the Policyholder. This does not include an Injury sustained during the course of everyday travel to and from work, leave of absence or vacation." The Group Insurance Information Booklet further states that "[t]he Travel AD & D policy does not cover an individual for any loss caused by or resulting from: commuter travel, vacations or leaves of absence...."
 
 
 4
 It is clear to this Court, as it was to the district court, that the insurance policy unambiguously excludes from coverage any injuries sustained during the husband's flight home from his work assignment. The husband's flights to and from his varied work assignments were nothing more than his method of commuting. Nothing in the insurance policy or information booklet can be reasonably read to contemplate coverage of such travel.
 
 
 5
 The attorneys' fees were properly awarded to the defendant, the prevailing party, pursuant to Local General Rule 21.1 which incorporates for purposes of diversity actions such as this the provisions of Alaska Civil Rule 82.
 
 
 6
 Given that the terms of the Group Policy are unambiguous, the district court did not need to determine whether or not it was a contract of adhesion for interpretation purposes. Therefore, the language in the district court's order concluding that the Group Policy is a contract of adhesion should be disregarded as dicta.
 
 
 7
 We AFFIRM the judgment and the award of attorneys' fees in favor of the defendant.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3